UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 25-CR-69 (RCL) |
| | : | |
| JOHN J. GALLAGHER, | : | |
| | : | |
| Defendant. | : | |

### GOVERNMENT'S RESPONSE TO DEFENDANT JOHN J. GALLAGHER'S MOTION TO COMPEL ACCESS TO A SENSITIVE COMPARTMENTED INFORMATION FACILITY

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits its response to Defendant John J. Gallagher's Motion to Compel Access to a Sensitive Compartmented Information Facility (ECF No. 71), filed on November 17, 2025. The government opposes Defendant's Motion for the following reasons:

First, as contemplated by the CIPA Protective Order issued by this Court, the government is providing a space for the defense to review and discuss the classified discovery, and that space is in this district. *See* ECF No. 59 at ¶¶ 16 ("The CISO shall arrange for an appropriately approved Secure Area for use by the Defense.") & 20.a. ("All classified information produced by the Government to the Defense, in discovery or otherwise, and all classified information possessed, created, or maintained by the Defense shall be stored, maintained, used, and discussed only in the Secure Area established by the CISO"). We understand from the CISO that there is no available Sensitive Compartmented Information Facility (SCIF) space in the U.S. district courthouse in the Eastern District of Pennsylvania,[1] but even if there were, we would oppose a Court order

---

[1] Defendant has not identified any particular SCIF space to which he seeks access in the Philadelphia area. SCIF space for federal cases generally is located within the local federal

compelling the government to provide Defendant's counsel access to that SCIF, as explained below. The U.S. Attorney's Office defers to the Classified Information Security Officers (CISOs) for these decisions, not just in this case but in all cases. The U.S. Attorney's Office does not get involved in issues of where and how the defense reviews or discusses classified discovery.

Second, accommodating defense counsel in this case would set an adverse and unworkable precedent for current and future cases that may involve classified information. The SCIF space at any particular district's courthouse is necessarily dependent on the volume of national security cases in that district, not on the location of defense attorneys. The reason that certain districts have a large amount of SCIF space is because these districts initiate a large volume of national security cases. If the CISOs were to start providing SCIF space based on the location of defense attorneys, there would be numerous other defense attorneys who would request SCIF space in their home districts. It would be impossible for the CISOs to predict which districts would need SCIF space and how much. It just happens that defense counsel is based in Philadelphia, but he could just as easily be based in some other district without SCIF space. Providing a secure review space that is dependent on the location of defense counsel could easily become a huge burden for the CISOs, who would have to travel around the country arranging for access to this space. Doing so would also be a significant waste of government resources.[2]

---

courthouse and controlled by the Chief Judge of that district. The government has no ability to require another district or other government entity to provide access to SCIF space in that district.
[2] An extreme example concerns the civil habeas petitions brought by inmates at the United States Naval Base in Guantanamo Bay, Cuba. Counsel from all over the United States (and at least one in the United Kingdom) petitioned for hometown access to associated classified information. Instead, they were required to travel to one secure facility overseen by the CISOs. *See, e.g., In re Guantanamo Bay Detainee Litigation*, Misc. No. 08-0442 (TFH), Case No. 1:04-cf-01194-UNA, ECF No. 235 (Sept. 11, 2008), at para. 19 ("The government shall arrange for one appropriately approved secure area for petitioners' counsel's use.").

Third, this issue arises from time to time in national security cases in this and other districts. To the government's knowledge, courts have largely accepted the CISO's determination that SCIF space should be allocated based on the district in which the case is being prosecuted and have not ordered the government (let alone the Chief Judge of another district) to provide SCIF space in another district to a defense counsel who is not local.

For all these reasons, we submit that the Court should deny Defendant's Motion and defer to the CISOs regarding all aspects of defense counsel's access to SCIF space.

Respectfully submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

By:    */s/ Jolie F. Zimmerman*
Jolie Zimmerman, D.C. Bar No. 465110
Joshua Gold, D.C. Bar No. 90033536
Rebecca G. Ross
Assistant United States Attorneys
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, DC 20530
(202) 252-7220 (Zimmerman)
(202) 252-7651 (Gold)
(202) 252-6937 (Ross)

KAREN E. KELLY
Acting Deputy Assistant Attorney General

By:    */s/ Alexis S. Hughes*
Alexis S. Hughes
D.C. Bar No. 90017487
Department of Justice Tax Division
150 M Street, N.E., Room 1.1405
Washington, DC 20002
alexis.hughes@usdoj.gov