IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | : | NO. | 1:25-CR-00069 |
| vs. | : | | |
| JOHN J. GALLAGHER | : | | |

### REPLY TO GOVERNMENT'S RESPONSE TO MR. GALLAGHER'S MOTION TO COMPEL ACCESS TO A SENSITIVE COMPARTMENTED INFORMATION FACILITY

First, the Government's motion completely misconstrues Mr. Gallagher's request. He does not seek to review classified materials in Philadelphia. He merely wishes to be able to hold conversations with his attorney somewhere in the Philadelphia metropolitan area. Thus, the Government's doomsday prediction that – if the Court allows Mr. Gallagher to speak to his attorney in the city area in which they both live – the floodgates will open in other cases and Government costs will increase is just silly. There is no need for the Government nor any particular agency to engage in any extra work nor spend any extra money for the sake of Mr. Gallagher.[1] He does not seek that classified materials be moved. He merely seeks that he be

---

[1] Mr. Gallagher respectfully submits that the converse to this argument is in fact true. In order for the undersigned to get to Washington, D.C. he must:
- Hire a car service to take him to 30th Street Station. Such a trip takes 20 minutes or so depending upon the time of day. A car service from his home to 30th Street Station costs approximately $100.00.
- To catch a train, he must purchase a $250.00 ticket and plan to arrive at least 20 minutes ahead of scheduled departure. Of note, a $250.00 Amtrak ticket is only possible if the purchaser can plan a few weeks out. To purchase a same week ticket for Amtrak Business Class to Washington from

given the ability to have a conversation with his attorney without having to travel to Washington, D.C. For the sake of protecting sensitive information, the undersigned will offer no additional information in this public filing other than to say that it is imperative that he be able to speak to Mr. Gallagher about topics that will require the use of a SCIF.[2] Mr. Gallagher's substantive right to effective assistance of counsel and due process should not be challenged by a prosecutor who wishes to have a say in where said conversations shall be held.

---

    Philadelphia would be $300.00 or more.
- He must then travel by train 2 hours to Washington.
- Upon arriving in Washington, he must then walk 20 minutes from the station to the location of the SCIF or hire a cab.

The procedure must then be reversed on his way home. Thus, Mr. Gallagher will be forced to pay the undersigned for approximately six (6) hours of travel time, plus transit costs, simply to have a conversation. It is not hyperbole to suggest that a day's trip to Washington to hold a conversation could cost Mr. Gallagher $10,000.00 or more.

The financial penalty foisted upon Mr. Gallagher, while steep, is not the only impediment he faces by forcing him to speak to his attorney in Washington. Mr. Gallagher's case, while a very important matter to the undersigned, is not his only case. For a trial attorney, finding a few hours in a week to have a meeting is difficult but doable. Finding an eight (8) hour hole (i.e. travel plus talk time) is a nonstarter. To find multiple empty days sufficient to travel to Washington for a conversation would necessitate scheduling attorney/client conversation time with Mr. Gallagher for a few months out.

[2] The cases cited by the Government are inapplicable. Those cases discussed moving classified information to locations closer to defense counsel. In the instant matter, Mr. Gallagher seeks only the ability to speak to his attorney without traveling to Washington, D.C. Of note, nothing about the CIPA should be read to change a defendant's substantive rights.

> Indeed, we said as much in Yunis I. *See* 867 F.2d at 621 (declaring that CIPA § 4 "creates no new rights of or limits on discovery of a specific area of classified information").[15] CIPA § 4 was, however, intended to "clarify" a court's existing "powers under Federal Rule of Criminal Procedure 16(d)(1)" to protect classified information. Sen. Rep. No. 96-823, at 6 (1980).[16] In Yunis I, we recognized that, "[w]hile CIPA creates no new rule of evidence regarding admissibility, the procedures it mandates protect a government privilege in classified information." 867 F.2d at 623.

*United States v. Mejia*, 448 F.3d 436, 455 (D.C. Cir. 2006)

Second, the Government misrepresents the availability of SCIFs. While there may or may not be[3] SCIF locations in the federal courthouse on Market Street, the undersigned is personally aware of one SCIF in the Philadelphia metropolitan area. Additionally, he has information – but not confirmation – that there are additional SCIFs in the area as well.

Finally, and most importantly, the Government, despite submitting that "[t]he U.S. Attorneys' Office defers to the Classified Information Security Officers (CISOs) for these decisions, not just in this case but in all cases. The U.S. Attorney's Office does not get involved in issues of where and how the defense reviews or discusses classified discovery," has chosen to intervene in Mr. Gallagher's request. Mr. Gallagher respectfully submits that the Government should follow their own directives and defer to the CISO.

What the Government did not indicate in their filing was **Mr. Gallagher's request was made after fully consulting with the CISO. The CISO provided no objection to the undersigned and directed the undersigned to contact the Court for permission to use a SCIF in the Philadelphia metropolitan region for conversations with Mr. Gallagher.**[4] The CISO directed that simply contacting chambers should suffice. However, after multiple emails to the Court went unanswered, he again conferred with the CISO, who suggested that he file a motion. A draft of the motion was provided to the CISO for review and, once approved, was then filed.

---

[3] The undersigned does not know why the Government would include locations where SCIFs may or not be in a public filing. The undersigned was advised not to comment on SCIF locations in a public filing.

[4] The CISO and the undersigned discussed logistics that will not be included in a public filing.

Mr. Gallagher respectfully submits that, as the CISO indicated no objection to the requested relief, it begs the question why the Government would intercede to obstruct Mr. Gallagher's ability to defend himself. In fact, Mr. Gallagher respectfully submits that the Government is treating him differently than they would more famous and/or powerful defendants. In *United States v. Donald Trump*, Case 9:23-cr-80101-AMC, the Government took exactly the same position that Mr. Gallagher suggests here: while there should be a specific SCIF location where classified materials were viewed, the Government did not object to Mr. Trump discussing classified materials with his attorneys at other SCIF locations. Specifically, in Mr. Trump's case, the Government opined "[n]one of these provisions requires that the only SCIF in which defense counsel may discuss classified information with Trump is the SCIF where classified discovery will be housed. In the Government's view, the particular SCIF(s) that can be used for such discussions should be determined by the CISO in consultation with the defense, and if necessary, the Court, just as in any other criminal case involving classified information." *Id.* at Document 120, p.3.

Paradoxically, while in Mr. Trump's case the Government did not object to the use of multiple SCIFs for communication and deferred to the CISO, in Mr. Gallagher's matter, the Government seeks to intercede in his relationship with the CISO, increase his costs, and interfere with his ability to consult with counsel. Mr. Gallagher respectfully submits that the Government's position has no merit.

For all of the above reasons, Mr. Gallagher submits that the Government's intervention is misplaced, obstructive, and that his request to use a SCIF to speak to his attorney in the Philadelphia metropolitan area should be granted.

*Respectfully submitted,*

/s/ mjd
Michael J. Diamondstein
Counsel for John J. Gallagher
Michael J. Diamondstein, P.C.
Suite 900
Two Penn Center Plaza
15th & John F. Kennedy Blvd.
Philadelphia, PA 19102
(215) 940-2700
mjd@michaeldiamondstein.com

## CERTIFICATE OF SERVICE

On this **24th** day of **November, 2025,** I Michael J. Diamondstein, being duly sworn according to law, hereby certify that a true and correct copy of this document was served upon the following individuals in the manner specified:

**The Honorable Royce C. Lambert**
U.S. District Court for the District of Columbia
333 Constitution Avenue N.W.
Washington D.C. 20001
**VIA ECF**

**Clerk's Office**
U.S. District Court for the District of Columbia
333 Constitution Avenue N.W.
Washington D.C. 20001
**VIA ECF**

**Josh Gold, AUSA**
**Alexis Hughes, AUSA**
**Rebecca Ross, AUSA**
**Jolie Zimmerman, AUSA**
U.S. Attorney's Office for the District of Columbia
601 D St NW
Washington, DC 20004
**VIA ECF**

**Daniella Medel, CISO**
**VIA EMAIL**

/s/ Michael J. Diamondstein
**MICHAEL J. DIAMONDSTEIN**
**Attorney for John J. Gallagher**