UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> v. <br><br> **JOHN J. GALLAGHER**, <br>      *Defendant.* | Case No. 1:25-cr-69-2-RCL |

## ORDER

Before the Court is Defendant Gallagher's [71] motion to compel access to a sensitive compartmented information facility (SCIF), the Government's [73] response, and Mr. Gallagher's [74] reply. Having discussed the matter with the classified information security officer (CISO) assigned to this case, the motion is **DENIED**.

Per the protective order issued by this Court, the CISO has provided a space for the defense to discuss classified materials in this district. ECF No. 59 at 6. This order makes clear that "[a]ll classified information produced by the Government to the Defense, in discovery or otherwise, and all classified information possessed, created, or maintained by the Defense shall be stored, maintained, used, and discussed *only* in the Secure Area established by the CISO." *Id.* at 8 (emphasis added).[1]

---

[1] Mr. Gallagher emphasizes that he seeks only to discuss the case with his client and has not requested that classified material to be moved between D.C. and Philadelphia. The Court, however, notes that if he or his counsel were to take any notes on their discussions of classified information, these notes would themselves be classified, requiring the CISO to transfer such materials back to D.C.

1

Mr. Gallagher requested that the CISO provide him and his counsel access to a SCIF in Philadelphia, Pennsylvania, where they both reside, because traveling to Washington, D.C. to discuss the case would be too burdensome. After conferring with the Court, the CISO denied the request. Upon receiving this response, Mr. Gallagher asked the CISO how he might seek relief from this determination, and the CISO directed him to raise the issue with the Court. In his reply brief, Mr. Gallagher asserts that the CISO provided no objection to his request for SCIF access. Gallagher Reply at 3. But the CISO has since clarified that she merely provided no objection to Mr. Gallagher filing a motion challenging the denial of his initial request. It has always been the CISO's position that Mr. Gallagher's request should be denied.

Several justifications support denying the request. To begin, providing access to a SCIF in Philadelphia is not merely a matter of this Court reaching out to the Chief Judge of the Eastern District of Pennsylvania to ask if accommodations can be made. The U.S. district courthouse in that district does not have a SCIF and providing Mr. Gallagher access to one nearby would require the CISO to coordinate with the FBI or other intelligence agency. Given the deference owed on matters of national security, this Court is not in a position to order the government to provide SCIF space outside this district.

And even if accommodations could be made for Mr. Gallagher, doing so would set an unworkable precedent. Available SCIFs are limited, and they do not exist throughout the country. Intelligence and law enforcement agencies that occupy them do so for their own operational prerogatives. In this case, the CISO has made a space available for all five defendants in the district in which this case will be tried, but the CISO is not in a position to make accommodations for each defendant in the district in which they live. The CISOs resources are limited, and they must travel around the country to arrange access to SCIF spaces. Were the Court to set a precedent that CISOs

must provide defendants and their counsel access to SCIFs near their residency, such a precedent would quickly prove unworkable. The motion is, therefore, **DENIED.**

**IT IS SO ORDERED.**

Date: 12-5-25

Royce C. Lamberth
United States District Judge